# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL PAUL STARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-700-F |
| ) | |
| OFC. KOBER et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Daniel Paul Starr, appearing pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636 and is now before the court on Plaintiff's motions for preliminary injunctive relief (Doc. Nos. 3, 8, 21, 32, 37).

BACKGROUND

Mr. Starr is a state prisoner currently incarcerated at Lawton Correctional Facility ("LCF"), a private prison in Lawton, Oklahoma. *See* Compl., Doc. No. 1, at 1. On December 10, 2013, Mr. Starr was granted leave to file an amended complaint. Order, Doc. No. 41, at 8. Mr. Starr has since been granted extensions of the deadline for filing an amended complaint, with a current deadline of February 18, 2014. Order, Doc. No. 54, at 1-2; *see also* Order, Doc. No. 45 (granting first extension); Order, Doc. No. 51 (reiterating the Court's instructions for filing an amended complaint). If Mr. Starr neither files an amended complaint by the deadline nor is granted a further extension, his original

complaint (Doc. No. 1) and a supplemental pleading (Doc. No. 14-1) will be held to constitute the entirety of Mr. Starr's pleadings and the case will be decided on the claims and allegations asserted therein. *See* Order, Doc. No. 41, at 6, 8. Defendants have not been served in this matter, pending an assessment of whether Mr. Starr's claims may be subject to dismissal upon filing. *See* 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (g)(2).

Meanwhile, Mr. Starr has several motions pending that he has characterized as seeking preliminary injunctive relief (Doc. Nos. 3, 8, 21, 32, 37). To some extent, these documents also appear to be Mr. Starr's prior attempts to amend and supplement earlier pleadings—the necessity of which is no longer an issue in light of the opportunity to file an amended/supplemental complaint. *See* Order, Doc. No. 41, at 6-8.[1] In any event, Mr. Starr's motions for preliminary injunctive relief are deficient on their merits and, therefore, the undersigned recommends that they be denied.

## Doc. Nos. 3, 32

On July 9, 2013, Mr. Starr filed a motion titled "Injunctive Relief/Motion for Production of Documents (Doc. No. 3)." In this motion, Mr. Starr seeks an order requiring the preservation of certain evidentiary items, including video footage and

---

[1] In the Order, the undersigned addressed the fact that Mr. Starr had filed multiple documents that appeared, at least in part, to attempt to amend or supplement his pleading. *See* Order, Doc. No. 41, at 7. Construing these documents as motions for leave to amend or supplement the complaint, the undersigned granted Mr. Starr leave to file an amended/supplemental complaint but emphasized that this new pleading shall replace the original complaint and any claims or allegations not set forth therein will not be considered. *Id.* at 6-8.

2

documentation of misconduct and grievances. *See* Mot., Doc. No. 3, at 1, 2. Mr. Starr also seeks "an injunction ordering defendants to stop the retaliation phases described in the civil rights action and from the plaintiff[']s institutional records, video (CCTV), grievances, letter's, and medical/mental health, etc."[2] *Id.* at 2 (capitalization altered). Mr. Starr then seeks an order requiring Defendants to answer Requests to Staff allegedly submitted on July 6, 2011, and August 10, 2011, contending Defendants have refused to respond. *Id.* at 2-3. Mr. Starr expresses concern that this alleged refusal to respond may limit his ability to establish he has exhausted administrative remedies. *Id.* Finally, Mr. Starr requests that the Court "contact the [Director of the] Oklahoma Department of Corrections [("ODOC")] and order a disposition and incident report be revealed and answered." *See id.* at 4 (capitalization altered).

In addition to a court order, Mr. Starr seeks $100,000 from two Defendants for their alleged refusal to answer the aforementioned Requests to Staff, which Mr. Starr contends was a denial of due process that led to an emotional injury. *Id.* On September 26, 2013, Mr. Starr filed a photocopy of his July 9th Motion, with minor notations and an

---

[2] In his original complaint, Mr. Starr appears to contend that Defendants' alleged violations of his rights are in retaliation for his use of the grievance process after an incident involving Defendant Kober. *See* Compl., Doc. No. 1, at 3. Mr. Starr asserts that Defendant Kober has attempted to convince other prison employees, particularly friends and "Germans," "to be angry with [Mr.] Starr." *Id.* (capitalization altered). Mr. Starr further contends that his use of the grievance process and Defendant Kober's actions "resulted in the practice of racial discrimination and the conspiracy to shakedown, verbal assault's, threats." *Id.* (capitalization altered). However, Mr. Starr provides scant factual support, if any, for these contentions.

3

additional request for money damages: "$50,000.00 for the mental anguish caused by [LCF] and [ODOC]."[3]  Mot., Doc. No. 32, at 4 (capitalization altered).

## Doc. No. 8

On July 18, 2013, Mr. Starr filed a one-page motion titled "Injunction," seeking an order requiring prison officials to deliver his legal mail to him on the day it is received. Mot., Doc. No. 8, at 1.  Mr. Starr states that "on 7-15-2013, [he] received a slip/pass to pick up legal mail and the legal mail arrived from the Court's [sic] on or around the 7-12-2013 [sic]," further noting "this is not the first time [LCF] has tampered with legal mail." *Id.* (capitalization altered).

## Doc. No. 21

On September 3, 2013, Mr. Starr filed a thirty-one-page collection of documents, including a letter to Magistrate Judge Shon T. Erwin.  Mot., Doc. No. 21, at 27-31.[4]  In the letter, labeled "preliminary injunction and/or temporary restraining order," Mr. Starr describes instances in which he allegedly experienced difficulties receiving access to

---

[3] The minor notations include (1) a reference at the bottom of page one to attached exhibits, (2) a clarification of dates inserted above "original RTS" and "second RTS" on page two, (3) a clarification on page three that "an inmate" referred to "Plaintiff," and (4) a note on page three that "on 7-6-2011 etc. Medical prescribed Flexiril 2013."  Mot., Doc. No. 32, at 1, 2, 3 (capitalization altered).  Mr. Starr also attached exhibits including a list of thirteen defendants, Requests for Health Services dated June 15, 2012 and June 26, 2012, a Request to Staff dated June 24, 2011, a handwritten copy of "Rules of Conduct" dated February 23, 2011, and a sworn statement by Mr. Starr dated September 24, 2013, in which he complains of issues accessing the law library in 2002-2003, as well as on November 22, 2006, and July 3, 2013.  *Id.* at 6-11.

[4] The bulk of this filing appears to have been another attempt by Mr. Starr to amend or to supplement the complaint, which as noted has been addressed by previous order.

legal resources and supplies, responses to Requests to Staff, and specific medical services—namely, eye drops and "Flexiril for [his] leftside pain." *See id.* at 27, 29. Mr. Starr contends that these alleged deprivations are a form of retaliation by Defendants for Mr. Starr's use of the grievance process and litigation against Defendant Kober among others. *Id.* at 28. Mr. Starr alleges that Defendants are further retaliating against him by (1) confining him "with known gang members . . . to kill [him] if other acts caused by Defendant[s] don't deter [him]," and (2) assigning him to a housing unit that restricts his privileges and access to programs, which "may" adversely affect his eligibility for parole. *Id.* (capitalization altered). Mr. Starr then generally decries various prison conditions, including repeated lockdowns, limited access to recreation, and lack of electricity for a television. *See id.* at 29.

With this filing, Mr. Starr included a proposed "Order to Show Cause for a[] Preliminary Injunction & a Temporary Restraining Order." Mot., Doc. No. 21, at 1. In the proposed order, Mr. Starr appears to be seeking a detailed order requiring prison officials to provide him with additional access to legal resources and supplies, as well as investigations into allegations from 2011 and associated evidence. *See id.*

Doc. No. 37

Finally, on November 7, 2013, Mr. Starr filed a motion titled "Order to Show Cause for a[] Preliminary Injunction" (Doc. No. 37). Mr. Starr complains of difficulties accessing law library services, beginning around August 2013, after his complaint was filed. *See* Mot., Doc. No. 37, at 1, 3; Ex. 1, Doc. No. 37-1; Ex. 2, Doc. No. 37-2. For instance, Mr. Starr alleges that, on certain occasions, documents he submitted for

5

photocopying were lost and he has been denied "additional days" in the law library, as well as "Inmate Legal Assistance" and use of his preferred typewriter.[5] Mot., Doc. No. 37, at 1-2, 6, 7 (capitalization altered). Without factual detail, Mr. Starr also alludes to Defendants' discriminatory treatment, "physical abuse/torture," cruel and unusual punishment, and "denial of access to courts on two (2) deadline's." *See id.* at 2, 6, 7. Mr. Starr seeks an order directed to specific individuals to address the above described issues, as well as $100,000 from certain Defendants in "punitive, compensatory damages if any of [his] complaints continue . . . for the physical and emotional injuries sustained as a result of the Plaintiff's abuse/torture, denial, destruction of property[,] etc." *Id.* at 7.

ANALYSIS

Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The plaintiff must establish, among other factors, "that he is likely to suffer irreparable harm in the absence of preliminary relief."[6] *Id.* at 20. To meet this requirement, the plaintiff must establish that an injury is both imminent and not theoretical. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Furthermore, such injury must be

---

[5] Mr. Starr asserts that he was entitled to additional days in the law library to meet deadlines in this case and a case in state court. *See* Mot., Doc. No. 37, at 1. At the time the motion was filed, however, no deadlines existed in this case.

[6] Other factors a plaintiff must establish include "that he is likely to succeed on the merits, . . . that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 22; *see also Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (listing factors).

beyond "merely serious or substantial" and, generally, one for which an adequate monetary remedy is unavailable. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). Although the Court will construe a pro se litigant's filings liberally, requests for relief must be supported, at a minimum, by factual allegations, which require no special legal training to provide. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"); Fed. R. Civ. P. 7(b)(1)(B) (requiring requests for a court order to "state with particularity the grounds for seeking the order").

In his various motions, Mr. Starr does not allege sufficient facts to infer, much less present evidence to establish, that he will suffer irreparable harm absent an injunction. That is, although Mr. Starr does allege that he believes he is suffering or may suffer harm from one or more Defendants' alleged conduct, Mr. Starr's allegations are either conclusory or lack necessary factual support to meet the standard for "irreparable harm."

For instance, Mr. Starr asserts his belief that one or more Defendants, in retaliation against him, have confined him "with known gang members . . . to kill [him] if other acts caused by Defendant[s] don't deter [him]." Mot., Doc. No. 21, at 28. Although harm such as death would be beyond merely serious or substantial, Mr. Starr's barebones allegation does not meet his burden of convincing the Court through facts that such harm is imminent and not simply theoretical.

To the extent that Mr. Starr's alleged intermittent difficulties obtaining various services at his prison could constitute a violation of his federal rights,[7] Mr. Starr's allegations lack the factual support necessary to establish that any ongoing failure to receive services results in harm beyond that which is merely serious or substantial. For instance, although Mr. Starr alleges that he is no longer receiving eye drops or a specific pain medication, he provides no facts to establish that this deprivation is beyond merely serious or substantial. *See* Mot., Doc. No. 21, at 27-30. Similarly, in alleging that his legal mail is occasionally delayed a few days or "tampered with" by prison officials, Mr. Starr makes no indication that this results in any harm at all. *See* Mot., Doc. No. 8.

As for Mr. Starr's alleged difficulties accessing legal resources and supplies, the undersigned recently addressed such issues, noting that Mr. Starr has not been prejudiced in this action by any such difficulties and has, for instance, filed numerous documents in this suit. Order, Doc. No. 54, at 2.[8] Mr. Starr's contentions also fail to show that an

---

[7] Because Mr. Starr brings this action pursuant to 42 U.S.C. § 1983, i.e. alleging violations of his federal rights, and because preliminary injunctive relief in such circumstances is intended to remedy ongoing violations, Mr. Starr's requests for this relief could be granted only if he were to establish an ongoing violation of such rights. An analysis of this issue would involve a different factor – likelihood of success on the merits – in determining whether preliminary injunctive relief should be granted. *See Winter*, 555 U.S. at 22. As noted below, however, the undersigned concludes that Mr. Starr has not met the standard for irreparable harm, and, thus, the other factors for preliminary injunctive relief need not be addressed.

[8] In denying Mr. Starr's recent similar requests for access to supplies and legal resources, the undersigned noted that a prisoner "does not have a right to free unlimited supplies or time in the law library, particularly when he or she has not been prejudiced by limits placed on these resources." Order, Doc. No. 54, at 2. The undersigned recommended that Mr. Starr "pursue any complaints he may have regarding access to supplies and facilities through his prison's grievance system," noting that "the Court generally avoids engaging

adequate monetary remedy is unavailable for harm resulting from any failure to receive services. In fact, Mr. Starr's requests for money damages in his motions for preliminary relief suggest otherwise. *See* Mot., Doc. No. 3, at 4; Mot., Doc. No. 32, at 4; Mot., Doc. No. 37, at 7.

As for Mr. Starr's allegations that certain Defendants are interfering with his ability to exhaust administrative remedies by refusing to answer Requests to Staff, *see* Mot., Doc. No. 3, at 2-3, Mr. Starr faces no irreparable harm here either. Mr. Starr is correct that available administrative remedies must be exhausted before relief will be possible in court. *See* 42 U.S.C. § 1997e(a). Nevertheless, "a prisoner cannot be required to wait indefinitely for a response to [a grievance submitted and appealed in accordance with applicable procedures] before he may seek judicial review. [Thus,] when prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies." *See Whitington v. Ortiz*, 472 F.3d 804, 807-08 (10th Cir. 2007).

Finally, to the extent Mr. Starr's requests for orders to preserve certain evidence, including documents and video footage, may be properly construed as requests for preliminary injunctive relief, they, too, fail to show irreparable harm. Mr. Starr has provided no facts to suggest that such evidence will be unavailable later or, if unavailable, how such unavailability may irreparably harm him. *See* Mot., Doc. No. 3, at 1, 2; Mot., Doc. No. 21, at 1. *See also Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136,

---

in the second-guessing of day-to-day prison operations." *Id.* at 3 (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)).

1148-50 (10th Cir. 2009) (describing general duty of all parties to preserve evidence and availability of remedies if duty not followed).

As the "irreparable harm" requirement has not been met under any circumstance presented, the undersigned need not consider the other substantive requirements for preliminary relief. Further, Mr. Starr has not met the procedural requirements for such relief. Specifically, Mr. Starr makes no indication that any Defendant has been properly provided with notice of his request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (reiterating that pro se litigants must follow applicable procedural rules).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Mr. Starr's motions for preliminary injunctive relief (Doc. Nos. 3, 8, 21, 32, 37) be DENIED.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 24, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 3rd day of February, 2014.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE