# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL PAUL STARR, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. CIV-13-700-F ) |
| OFC. KOBER et al., | ) ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Daniel Paul Starr, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). In this Report and Recommendation, the undersigned addresses two motions filed by Plaintiff (Doc. Nos. 64, 65) that, in part, appear to request preliminary injunctive relief. The undersigned recommends these requests be DENIED.

## BACKGROUND

Mr. Starr is a state prisoner currently incarcerated at Lawton Correctional Facility ("LCF"), a private prison in Lawton, Oklahoma. *See* Am. Compl., Doc. No. 61, at 1.[1] On February 21, 2014, Mr. Starr filed an Amended Complaint, along with exhibits, totaling nearly 300 pages. *See* Am. Compl., Doc. Nos. 61 to 61-19. Defendants have not

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system.

been served in this matter, pending an assessment of whether Mr. Starr's claims may be subject to dismissal upon filing. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1), (g)(2); LCvR 9.2(c). Meanwhile, Mr. Starr has two motions pending in which he purports, at least in part, to seek preliminary injunctive relief (Doc. Nos. 64, 65).

## Doc. No. 64

On February 28, 2014, Mr. Starr filed a document titled "Motion for Order (Injunction to Save My Life)" (Doc. No. 64). As in other similar motions filed by Mr. Starr and addressed in an order issued concurrently with this Report and Recommendation, Mr. Starr recounts recent circumstances associated with Defendant Officer Duncan, including disciplinary action that was taken against Mr. Starr, his alleged limited access to legal resources, and Mr. Starr's belief that Defendant Officer Duncan brought unspecified drugs into the facility "to harm [him] due to [his] writing [of] [c]omplaints on The Law Library Staff." *See* Pl.'s Mot., Doc. No. 64, at 1, 4. Mr. Starr then digresses into a discussion of his criminal conviction and his recent efforts to challenge that conviction by requesting certain evidence in state court.[2] *See id.* at 2-3.

---

[2] Mr. Starr makes statements that, at first glance, could appear to be arguments more suited for a habeas petition, challenging his state court criminal conviction in the District Court of Tulsa County, Oklahoma. *See* Pl.'s Mot., Doc. No. 64, at 1-3. However, upon a closer reading of Mr. Starr's statements, as well as a review of the publicly available docket sheet in the Tulsa County District Court case cited by Mr. Starr, it appears that Mr. Starr is discussing a pending motion that he filed in that court to request DNA evidence. *See id.*; *Oklahoma v. Starr*, No. CF-2001-963 (Tulsa Cnty. Dist. Ct. filed Feb. 15, 2001). Thus, Mr. Starr's discussion appears to outline arguments he intends to bring in a habeas petition after he obtains the requested evidence. Mr. Starr previously,

Returning to his current circumstances, Mr. Starr alleges that he has had difficulty obtaining certain medical services or treatments. *See id.* at 3. Specifically, Mr. Starr alleges:

> Medical refuses to schedule me an appointment due to Dr. King walking off the job . . . . Ms. McClard, LPN, refuses to provide Plaintiff with the necessary prescription Dr. King Ordered for my renewal Appointment over 30 days ago, I am having back spasms, and my rash has broken out [severely], and I keep putting in medical request[s], and for my eye appointment (s) Ms. McClard, LPN, gave me an eye examination with my glasses on, and said my eye[s] are perfect.

*Id.* Neither Ms. McClard nor Dr. King is a named defendant in this action. *See* Am. Compl., Doc. No. 61, at 12-15.

Finally, in a section titled "I Am Suffering," Mr. Starr asserts that "[t]he Administration will not assist [him] in any Request[s] to Staff[] [that he has] filed" and further contends that, due to a cognitive impairment, he "can[']t write to where [he] get[s] his point [across], unless [he has] Inmate legal assistance." Pl.'s Mot., Doc. No. 64, at 3.

As detailed above, Mr. Starr's allegations involve wide-ranging complaints about his day-to-day circumstances. However, the only relief he specifically requests is for the Court to order his transfer to a different section of his current facility or to a different facility. *See id.* at 2.

---

unsuccessfully, challenged this conviction in federal court under 28 U.S.C. § 2254. *See Starr v. Ward*, No. 04-CV-0787-CVE-PJC, 2006 WL 2474914 (N.D. Okla. Aug. 25, 2006) (order denying habeas petition); *Starr v. Ward*, 221 F. App'x 689 (10th Cir. 2007) (denying certificate of appealability).

Doc. No. 65

On March 7, 2014, Mr. Starr filed a document titled "Plaintiff Request[s] P[er]mission to Include[] Amendment to Complaint" (Doc. No. 65). The allegations and requests in this document—including requests for leave to supplement his Amended Complaint, for copies of filed documents, and for the appointment of counsel—are primarily addressed in the order filed concurrently with this Report and Recommendation. However, to the extent that certain allegations may be construed as requesting preliminary injunctive relief, the undersigned addresses that request herein.

Mr. Starr again alleges that he has limited access to legal resources, including law clerks in the inmate law library. *See* Pl.'s Mot., Doc. No. 65, at 3. Mr. Starr also alleges that he has experienced "intermittent diffic[u]lties obtaining various services at [LCF]," including medical services, legal services, and "many supplies." *See id.* at 4. Mr. Starr contends that these intermittent difficulties have caused him "**HARD SHIP**, pain and suffering" and that he has

> noticed that when Ofc. Duncan, Lt. Johns, and other correctional Officers are yelling and screaming at [him, he has] spasms in [his] back area, and this slit headache, and [his] eyes are burning, and for some reason [he has] to use two pair[s] of eye glasses in the law library, and [he] also get[s] dizzy using them.

*Id.* (citing Pl.'s Mot., Doc. No. 8[3]). Mr. Starr further contends:

---

[3] The motion cited by Mr. Starr relates to delivery of his legal mail—not the circumstances he now describes. In any event, that motion was denied in Judge Friot's Order of March 26, 2014 (Doc. No. 69), adopting the undersigned's Report and Recommendation of February 21, 2014 (Doc. No. 56).

4

> My Mental, and Physical capacity is out of order and Medical will not allow me to see an outside Doctor, and/or correctly log in my sym[p]toms as I write them down on the Medical Request forms. I have been harmed[;] I Just don[']t know how to write it out without Inmate legal assistance.

*Id.*

In a section titled "Preliminary Injunctive Relief," Mr. Starr requests that LCF be ordered to provide him "with a copy of the video footage of the assault and [b]attery, including documents of evidence of other wrongs/Grievance[]s etc." *Id.* In a section titled "Irreparable Harm," Mr. Starr contends that "[t]he vindictive attitude of Supervisor's failure to protect Plaintiff from Physical, and Mental are in fear from everything they do to me[;] I just cannot write this stuff out without Legal assistance." *Id.*

Mr. Starr then proceeds to request the appointment of counsel, which, as noted, has been addressed in the order issued concurrently with this Report and Recommendation. In supporting that request, however, Mr. Starr deviates to assert:

> Plaintiff is an Indigent Prisoner who brought suit under civil rights statute against Prison Doctor (HSA) Ms. Melinda Fleener who was fundamentally unfair in that Prisoner, who was diagnosed with having and/or being constipated, and who claim of deliberate refusal to provide Offender Starr with physical therapy, painkillers, and vitamins, having survived the surgery (NOTHING WRONG THEIR), and Medical Request still are being filed by Plaintiff with Left (BODY) shoulder, Left hip pain that Doctor[]s have Ignored, and what Medication provided Is late to be delivered to Plaintiff; . . . also Plaintiff was admitted at the Lindsay Medical Hospital for surgery upon return to the penitentiary Defendants deliberately refused to seek other means as to why this Left (BODY) shoulder, hip are in pain.

*See* Pl.'s Mot., Doc. No. 65, at 5 (emphases omitted). Mr. Starr further asserts that he "requested physical therapy and medication to relieve pain and [m]uscle spasms related

to Ofc. Kober's assault and [b]attery on 7/6/2011." *See id.* at 6. Plaintiff provides no further details regarding these alleged medical issues or requests. *See id.* at 5, 6.

ANALYSIS

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The preliminary injunctive relief requested must also be of the same character as injunctive relief that may be finally granted. *See De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945).

A party requesting preliminary injunctive relief must establish, among other factors, "that he is likely to suffer irreparable harm in the absence of preliminary relief."[4] *Winter*, 555 U.S. at 20. To meet this requirement, the plaintiff must establish that an injury is both imminent and not theoretical. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Furthermore, such injury must be beyond "merely serious or substantial" and, generally, one for which an adequate monetary remedy is unavailable. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

Although the Court will construe a pro se litigant's filings liberally, requests for relief must be supported, at a minimum, by factual allegations, which require no special legal training to provide. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir.

---

[4] Other factors a plaintiff must establish include "that he is likely to succeed on the merits, . . . that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (listing factors).

1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"); Fed. R. Civ. P. 7(b)(1)(B) (requiring requests for a court order to "state with particularity the grounds for seeking the order").

For any motion, the moving party must state the relief sought. Fed. R. Civ. P. 7(b)(1)(C). In the above-described motions, Mr. Starr specifically requests only two actions relevant to this discussion of preliminary injunctive relief: (1) that he be transferred to a different part of his facility or to a different facility; and (2) that Defendants be ordered to provide certain items of evidence. Pl.'s Mot., Doc. No. 64, at 2; Pl.'s Mot., Doc. No. 65, at 4. Because, as discussed below, Mr. Starr fails to establish that he will suffer irreparable harm, these requests should be denied.[5]

Although Mr. Starr alleges that he believes he is suffering or may suffer harm from one or more Defendants' or non-defendants' alleged conduct, Mr. Starr's allegations are either conclusory or lack necessary factual support to meet the standard for "irreparable harm." For instance, with respect to Mr. Starr's contention that Defendant Officer Duncan brought unspecified drugs into the facility "to harm [him]," Mr. Starr does not support the assertion with evidence, but relies on his own inference that Officer Duncan would take this action because Mr. Starr formally complained about

---

[5] Mr. Starr has recently advised the Court that he has been transferred from LCF (Doc. No. 77). Although this event would appear to moot Mr. Starr's requests for injunctive relief to a great extent, the requests are nonetheless addressed below and found to be deficient for independent reasons.

the facility's law library staff.[6]  *See* Pl.'s Mot., Doc. No. 64, at 1.  Without additional facts, it is not reasonable to conclude that Officer Duncan presents a threat of irreparable harm to Mr. Starr—i.e. a non-theoretical threat of imminent harm that is beyond merely serious or substantial.  *See Heideman*, 348 F.3d at 1189; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250.

Likewise, assuming for purposes of Mr. Starr's request for preliminary injunctive relief that his alleged intermittent difficulties obtaining various services at his prison could constitute a violation of his federal rights,[7] Mr. Starr's allegations lack the factual support necessary to establish that any ongoing failure to receive services results in irreparable harm, i.e., harm beyond that which is merely serious or substantial.  For instance, although Mr. Starr alleges that Ms. McClard is refusing to provide an unspecified "necessary prescription," he provides no facts to establish that this

---

[6] Mr. Starr alleges that Officer Duncan was suspended or fired for bringing unspecified drugs into the facility to sell to inmates: "[A]ll of a sudden Ofc. Duncan is gone, but all the money the inmate[s] spent and didn't get their product are mad as hell (Gang Members)."  *See* Pl.'s Mot., Doc. No. 64, at 4.

[7] Because Mr. Starr brings this action pursuant to 42 U.S.C. § 1983, i.e. alleging violations of his federal rights, and because preliminary injunctive relief in such circumstances is intended to remedy ongoing violations, Mr. Starr's requests for this relief could be granted only if he were to establish an ongoing violation of such rights. An analysis of this issue would involve a different factor – likelihood of success on the merits – in determining whether preliminary injunctive relief should be granted.  *See Winter*, 555 U.S. at 20.  As noted below, however, the undersigned concludes that Mr. Starr has not met the standard for irreparable harm, and, thus, the other factors for preliminary injunctive relief need not be addressed.

deprivation is causing an irreparable injury.[8]  *See* Pl.'s Mot., Doc. No. 64, at 3; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250.  Although Mr. Starr contends that he is "having back spasms" and his "rash has broken out [severely]," he does not provide sufficient factual details to permit a reasonable conclusion that his condition is more serious than, e.g., someone with ordinary back pain and a skin rash.  *See* Pl.'s Mot., Doc. No. 64, at 3; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250.

Likewise, when Mr. Starr asserts that he "requested physical therapy and medication to relieve pain and [m]uscle spasms," he does not provide any details of this alleged request—e.g., to whom the request was submitted, when the request was made, or what response he received.  *See* Pl.'s Mot., Doc. No. 65, at 6; *see also* Pl.'s Mot., Doc. No. 64, at 3 (asserting "I keep putting in medical request[s]" but without providing details of such requests).  Thus, again, without additional facts, it is not reasonable to infer that Mr. Starr faces an injury that is both imminent and not theoretical, as well as one that is beyond merely serious or substantial.  *See Heideman*, 348 F.3d at 1189; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250.

Further, the undersigned disagrees with Mr. Starr's contention that he is incapable of stating sufficient facts without "[i]nmate legal assistance."  *See, e.g.*, Pl.'s Mot., Doc. No. 64, at 3; Pl.'s Mot., Doc. No. 65, at 4.  Mr. Starr has filed documents with this Court providing a detailed account of events that give rise to his claims and requests for relief, while simultaneously alleging that staff in the law library will not assist him.  *See, e.g.*,

---

[8] Further, as noted, Ms. McClard is not a named defendant in this lawsuit.  *See* Am. Compl., Doc. No. 61, at 12-15.

9

Pl.'s Mot., Doc. No. 37 at 1-2 (providing chronologically organized factual description of events in law library). Thus, it is clear that Mr. Starr is capable of presenting his factual allegations without assistance.

As for Mr. Starr's alleged difficulties accessing legal resources and supplies, the undersigned has previously addressed such issues, noting that Mr. Starr's case has not faced any prejudice in this Court as a result of such difficulties, and Mr. Starr has not been prevented from filing numerous documents in this action. Order, Doc. No. 54, at 2; Report & Recommendation, Doc. No. 56, at 4-6, 8-9; *see also* Order, Doc. No. 69 (adopting Report & Recommendation, Doc. No. 56)).[9]

Finally, Mr. Starr requests that LCF be ordered to provide him certain evidence, including a video and documents. This request would more properly have been brought as a motion to permit or compel discovery; thus, the undersigned has addressed the request on that basis in the Order entered contemporaneously herewith. However, because Mr. Starr nominally moves for preliminary injunctive relief, such motion should be addressed, albeit briefly. The type of injunctive relief requested—i.e., provision of a video and documents—is not of the same character as the injunctive relief requested in, or that would be permitted by, Mr. Starr's Amended Complaint and Mr. Starr has

---

[9] In denying Mr. Starr's previous similar requests regarding access to supplies and legal resources, the undersigned noted that a prisoner "does not have a right to free unlimited supplies or time in the law library, particularly when he or she has not been prejudiced by limits placed on these resources." Order, Doc. No. 54, at 2. The undersigned recommended that Mr. Starr "pursue any complaints he may have regarding access to supplies and facilities through his prison's grievance system," noting that "the Court generally avoids engaging in the second-guessing of day-to-day prison operations." *Id.* at 3 (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)).

otherwise failed to "state with particularity the grounds for seeking [such an] order." *See* Pl.'s Mot. Doc. No. 65, at 4; Pl.'s Am. Compl., Doc. No. 61, at 7-10; *De Beers Consol. Mines, Ltd.*, 325 U.S. at 220; Fed. R. Civ. P. 7(b)(1)(B). Moreover, there is no indication that Mr. Starr faces any harm, much less irreparable harm, absent the requested relief. *See Heideman*, 348 F.3d at 1189; *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250.

Further, as with his previous requests for preliminary injunctive relief, Mr. Starr has not met the procedural requirements. Specifically, Mr. Starr makes no indication that any Defendant has been properly provided with notice of his requests. *See, e.g.*, Fed. R. Civ. P. 65(a)(1); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (reiterating that pro se litigants must follow applicable procedural rules).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that, to the extent that he is seeking preliminary injunctive relief, Mr. Starr's motions (Doc. Nos. 64, 65) be DENIED.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 13, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 23rd day of July, 2014.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE