**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

DANIEL PAUL STARR,                )
                                  )
                Plaintiff,        )
                                  )
v.                                )      Case No. CIV-13-700-F
                                  )
OFC. KOBER, et al.,               )
                                  )
                Defendants.       )

## SUPPLEMENTAL REPORT AND RECOMMENDATION[1]

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

For the reasons set forth below, it is recommended that Plaintiff's Amended Complaint [Doc. No. 61] be stricken. It is further recommended that Plaintiff's claims raised in the original Complaint [Doc. No. 1] and Supplement [Doc. No. 14-1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Finally, it is recommended that the Court decline to exercise supplemental jurisdiction over any state law claims brought by Plaintiff.

## I.      CASE BACKGROUND / PROCEDURAL HISTORY

Plaintiff filed his initial Complaint [Doc. No. 1] on July 9, 2013. He also separately moved for injunctive relief. *See* Motion [Doc. No. 3]. At the time Plaintiff filed his Complaint he was incarcerated at Lawton Correctional Facility (LCF), a private prison located in Lawton,

---

[1] No previous recommendation has been submitted regarding any claims brought by Plaintiff in the Complaint, but two recommendations, discussed herein, have been made and adopted, as to Plaintiff's separately filed requests for injunctive relief.

Oklahoma.  His request for injunctive relief was later denied.  *See* Order Adopting Report and Recommendation (March 26, 2014) [Doc. No. 69].

On August 21, 2013, Plaintiff filed a Motion [Doc. No. 14] requesting leave to amend his complaint.  On December 10, 2013, the Court granted Plaintiff's request.  *See* Order [Doc. No. 41].  But the Court gave specific instructions to Plaintiff regarding any amendment of the Complaint.  The Court advised Plaintiff that he would be permitted to amend the Complaint provided he organized and consolidated into one document his many factual assertions and claims.  The Court noted that Plaintiff had filed many "variously-titled documents that appear, at least in part, to attempt to add new allegations stemming from events that have occurred both prior to and since Mr. Starr filed his original complaint."  *See id*. at p. 7 (*citing* [Doc. Nos. 19, 27, 29, 33, 39]); s*ee also id.,* footnote 3.  The Court then instructed Plaintiff as follows:

> Mr. Starr is hereby granted leave to file an amended complaint by December 31, 2013.  If Mr. Starr chooses to file an amended complaint, it must contain – in *one* document – all claims and allegations Mr. Starr intends to pursue.  *The Court will not consider any claims or allegations that are not included in this amended complaint.*  In other words, this amended complaint will *replace* Mr. Starr's original complaint (Doc. No. 1) and his previously-filed proposed supplemental pleading (Doc. No. 14-1).  Mr. Starr is further advised that this amended complaint will be subject to review by the Court as required by statute.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A, 42 U.S.C. § 1997e(c).  Upon review of the amended complaint, the Court may dismiss some or all of Mr. Starr's claims.  *Id*.  Furthermore, the Court may sever claims that do not arise out of the same series of occurrences as do Mr. Starr's other claims.  Fed. R. Civ. P. 21.  The Clerk is directed to mail a copy of a form 42 U.S.C. § 1983 complaint to Mr. Starr along with a copy of this Order.

*See id*. at p. 8 (emphasis in original).

Next, on December 31, 2013, Plaintiff filed an amended complaint [Doc. No. 50].  The amended complaint, with attachments, was twenty-seven pages long.  But the Court entered an order striking the amended complaint and addressed the ways in which it did not comply with the Court's directives set forth in the December 10, 2013 Order.  *See*

Order [Doc. No. 51]. As an example, the Court noted that "instead of including the required supporting facts for his allegations, Mr. Starr simply states 'see original complaint.'" *Id*. at pp. 1-2 (*citing* Amended Complaint [Doc. No. 50] at pp. 3, 4). The Court included the following admonishment:

> The Court again emphasizes that it *will not consider any claims or allegations that are not included in this amended complaint*. So that there is no confusion, the Court will repeat its instructions:
>
> - Mr. Starr may file an amended complaint on or before January 21, 2014.
>
> - That amended complaint must contain – in *one* document – all claims and allegations Mr. Starr intends to pursue against all defendants.
>
> - Claims and allegations that are not in the amended complaint will not be considered by the Court. References to prior documents will be disregarded.
>
> - Persons who are not named as defendants in the amended complaint will not be considered as defendants in the case. If a party was previously mentioned as a subject of one of Mr. Starr's claims, but is not named as a defendant in the amended complaint, the Court will take the omission to mean that Mr. Starr has decided to dismiss that person as a defendant in this case.

*See id*. at pp. 2-3 (emphasis in original).

After granting Plaintiff additional extensions of time, Plaintiff filed an Amended Complaint [Doc. No. 61] on February 21, 2014. It is that pleading currently subject to review. At the time Plaintiff filed the Amended Complaint, he continued to be incarcerated at LCF.

Plaintiff then filed an additional document construed by the Court as a further request for injunctive relief. In part, Plaintiff requested a transfer to another facility. *See* Motion [Doc. No. 64]. The request for injunctive relief was denied. *See* Order Adopting Report and Recommendation (August 28, 2014) [Doc. No. 88].

On July 31, 2014, Plaintiff filed a Notice of Change of Address [Doc. No. 84], reflecting that he is currently incarcerated at the James Crabtree Correctional Center, a facility run by the Oklahoma Department of Corrections.[2]  Almost immediately following his transfer, Plaintiff filed a motion seeking an extension of time to dismiss certain Defendants.  *See* Motion [Doc. No. 86].  The Court entered an Order on August 13, 2014, giving Plaintiff until September 12, 2014 to "file a notice of dismissal as to any Defendant he seeks to dismiss from this action."  *See* Order [Doc. No. 87] at pp. 1-2.  The Court further emphasized that Plaintiff was "*not* permitted to file an amended complaint or any supplement to his current Amended Complaint without first seeking the Court's permission."  *Id*. at p. 2 (emphasis in original).  The September 2014 deadline passed and Plaintiff has taken no further action with respect to dismissal of any claims or defendants.

## II.     THE AMENDED COMPLAINT SHOULD BE STRICKEN

Plaintiff's Amended Complaint fails to comply with prior directives of the Court. Plaintiff's Amended Complaint includes twenty attachments and is over 180 pages in length.  He purports to bring claims identified in three counts as follows:  Count I "See: (E) Exhibit-1"; Count II "See: Part 2. (K)"; and Count III "Retaliation/Retaliatory Transfer's [sic] Private Prison

---

[2] Although Plaintiff's requests for injunctive relief filed after the action was initiated have been previously addressed and denied, *see* Orders [Doc. Nos. 69 and 88], the Court further notes that Plaintiff's transfer would render moot any requests for injunctive relief based on conduct occurring at LCF.  *See, e.g., Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding in cases where an inmate plaintiff is released, injunctive and declaratory relief mooted because such a judgment "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him") (*citing Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit)); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (where a claim is "penitentiary specific" a prisoner's transfer to another facility may moot the claim).

System's [sic]".  *See* Amended Complaint at pp. 4-5.[3]  As supporting facts for each of these claims, Plaintiff only references exhibits attached to the Complaint.  These exhibits mostly consist of voluminous documents related to exhaustion of administrative remedies.  Matters referenced in these documents cover a range of dates from as early as 2003 and continuing through 2014.  The grievance submissions themselves are lengthy, often rambling and/or conclusory, and therefore, make it difficult to ascertain the basic facts which form the bases for the grievances, i.e., who, what, where and when.

Additionally, the Amended Complaint includes a part "(A)" in which Plaintiff states that he "would incorporate by reference all motion's [sic] that were granted" and that "adding these Motion [sic] will substantiate what has been going on by the Supervisor's [sic] at the Private Prison System's [sic] in Oklahoma."  *Id.* at p. 12.  Directly thereafter, he states: "consolidate cases" and lists a series of case numbers without reference to the court in which the cases were filed.  *Id.*; s*ee also id.* at p. 8 (stating in the "Request for Relief" section of the Amended Complaint: "[i]f you need dates to show a pattern or practice for what those defendant(s) has done to me to include them into this civil right's [sic] action to determine the full abuse from facility to facility . . . Oklahoma.").  Plaintiff, therefore, has ignored the Court's express directive that he not incorporate matters by reference.

It is equally hard to decipher against whom Plaintiff's claims are brought.  The Amended Complaint names, in part "(A)," the following Defendants: (1)  Ofc. Kober, et al., (2) Wardens and Ex-Wardens; (3) Mr. Poppel; (4) David Miller; (5) C. Chester; (6) Mr. H. Rios; (7) B.R. Gibson; (8) the Private Prison System's (GEO Group, Inc.) Administrator's; (9) Lt. D. Johns; (10) the Oklahoma Department of Corrections (ODOC); (11) Director's Designee Ms. Melinda

---

[3] Citations to Plaintiff's pleadings and attachments will refer to this Court's CM/ECF pagination.

Guilfoyle; (12) Debbie Morton; (13) Sgt. Haung; (14) Sgt. Bashear; (15) Case Manager's [sic] Mrs. Plume & Ms. Rivera; (16) Medical (HSA) Melinda Fleener; (17) Ms. Reid Wardens Secretary; (18) Diamonback [sic] Correctional Fac.; (19) Cimarron Corr. Fac.; (20) Great Plains Correctional Fac.; (21) 2002-03 Lawton Corr. Facility; (22) 2006 Lawton Corr. Facility; and (23) Justin Jones, Director (ODOC). *See* Amended Complaint at p. 12. In various other places, it appears Plaintiff purports to name additional Defendants. *See, e.g.,* Amended Complaint at p. 13 (referencing as Defendants Ofc. Boelter, Ofc. Duncan, Mr. Cantwell, Mr. Harding and Mr. Henderson). The Court cannot meaningfully determine the persons Plaintiff intends to sue much less which claims he brings against each of the purported defendants. *See* Order [Doc. No. 51] at p. 3 (advising Plaintiff that he should "specify which defendants [each] claim is against").

As noted above, after filing the Amended Complaint, Plaintiff filed various motions expressing that he may wish to limit his claims and/or the number of defendants. But Plaintiff never dismissed any defendants. Most recently, Plaintiff filed a series of notices indicating, in part, that he wanted to withdraw certain injunctive relief previously requested. *See* Order [Doc. No. 106] at pp. 1-2 (describing notices). These filings further complicate efforts to meaningfully determine the nature of claims alleged and the persons against whom the claims are brought.

Based on the deficiencies noted with respect to the Amended Complaint, the Court finds the Amended Complaint should be stricken both due to Plaintiff's failure to comply with the Court's prior orders and pursuant to Rule 8 of the Federal Rules of Civil Procedure. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Under this rule, the plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the

plaintiff must inform the defendant about what he had allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). The allegations of Plaintiff's Amended Complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's Amended Complaint wholly fails in this regard.

Plaintiff has been duly cautioned as to the effect of his failure to file an amended complaint that complies with the prior orders of the Court:

> Pursuant to the Court's December 10th Order, if Mr. Starr does not file an amended complaint in accordance with the Court's instructions, his 'original complaint (Doc. No. 1) and supplemental pleading (Doc. No. 14-1) will be held to constitute the entirety of [his] pleadings.' Order, Doc. No. 41, at 8. In that event, 'the case will be decided on the allegations and claims [in those two documents only].' Id.

*See* Order [Doc. No. 51] (alterations in original). Accordingly, it is recommended that the original complaint [Doc. No. 1] and supplemental pleading [Doc. No. 14-1] be deemed the entirety of Plaintiff's pleadings forming the basis for his claims asserted in this action. The Court collectively hereafter refers to these pleadings as the Complaint and Supplement or collectively, the Complaint, and proceeds to review the sufficiency of the claims raised.

## III.  SCREENING OF COMPLAINT

### A.  Standard Governing Screening

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an

officer or employee of a governmental entity and must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See id.*, § 1915A(b)(2).

The court's review of a complaint under § 1915(e)(2)(B)(ii) and § 1915A(b)(2) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**B.     Plaintiff's § 1983 Claims**

Plaintiff brings three claims for relief. In Count I, Plaintiff alleges "assault and battery by unnecessary use of force." *See* Complaint at p. 4, ¶ C(1). This alleged incident, which occurred at LCF, appears to be the driving force for Plaintiff's lawsuit. As noted, after Plaintiff's transfer from LCF, he indicated he wanted to drop all defendants who were not responsible for the

assault and battery.  *See* Motion [Doc. No. 86] at p. 1.  Plaintiff, however, never took such action.

In Count II, Plaintiff alleges "conspiracy to deny Plaintiff of his constitutional right to protection from harm."  *See* Complaint, at p. 4.  And in Count III, Plaintiff alleges "retaliatory transfers and retaliation to cause harm."  *See id*. at p. 7.  Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[4]  Plaintiff attaches to the Complaint multiple documents.  Many documents relate to prison administrative grievances purportedly related to his claims for relief.  Other documents appear to relate to state law claims Plaintiff seeks to pursue either in this action or in separate state court proceedings.

As to each of the claims raised, Plaintiff makes very broad allegations.  For the most part, his "rambling narrations of fact coupled with conclusory legal assertions do not assist the court . . . ."  *Tuttamore v. Lappin*, 429 F. App'x 687, 689 (10th Cir. 2011).  And a vast majority of the defendants are identified only in a most cursory way – such as by their inclusion in the caption of the Complaint, or sections of the Complaint discussing the "Nature of the Case," the "Requested Relief," or Plaintiff's attempts to exhaust administrative remedies.  As discussed more fully below, the Court finds Plaintiff fails to state any plausible claims for § 1983 relief.[5]

---

[4] Plaintiff cites additional statutory bases in support of his claims.  Those statutory provisions are addressed infra.

[5] The Court has conducted a thorough review of the Complaint, including the attachments. Where Plaintiff has referenced those attachments in support of his claims, the Court has reasonably considered the factual allegations set forth therein.  But the Court has not nor is the Court required to piece together a potential claim by parsing every attachment submitted by Plaintiff.  *See, e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (while the court makes some allowances for pro se litigants such as the failure to cite proper legal authority or confusion as to various legal theories, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

### 1. Assault and Battery / Excessive Force

Plaintiff claims that Defendant Ofc. Kober, a correctional officer at LCF, assaulted him on July 6, 2011. Specifically, Plaintiff alleges that he was "assaulted by c/o Kober when she used the cell door to 114 in Pod-B of housing Unit-1" and that this resulted "in a physical injury to [his] left (body) shoulder and side." *See* Complaint at p. 2. Plaintiff further alleges, Ofc. Kober acted "without any provocation willfully and maliciously." *See id.* at p. 3.

Plaintiff attaches to his Complaint a "Claimant's Report"[6] he completed where he described the incident as follows: "Prison official used two hands with force and pushed 1B114 steel door hitting my leftside [sic] of body causing spasms, and pain." *See* Complaint, Attachment 1 [Doc. No. 1-1] at p. 1; *see also id.* at p. 2 (alleging that Defendant Kober "deliberately hit me by using two (2) hands pushing /smashing me in between door frame, and 1B114 steel door with force causing immediate spasms in back . . . ."); *see* Complaint, Attachment 1 at p. 7 (alleging on a prison Request to Staff form that Ms. Kober with force, deliberately, intentionally hit/pushed cell door on me causing the steel door to hit my body with . . . out [sic] any reason."). Plaintiff amended the Claimant's Report to allege: "[A]ssault and battery hit by a cell door 114 in Pod B of Housing Unit – One (1). C/o Ms. Kober caused the assault and battery /verbal assault." *See id.* at p. 13.

---

[6] The Claimant's Report form is headed "Department of Central Services – Risk Management Division" and lists an address in Oklahoma City, Oklahoma. It appears this report was completed by Plaintiff as part of the requirements for bringing a tort claim against a state officer or employee under Oklahoma law. *See generally* Okla. Stat. tit. 51, §§ 156(A) and (C) (providing that any claims arising under the Governmental Tort Claims Act "shall be presented to the state" and "shall be in writing and filed with the Office of the Risk Management Administrator . . . .").

Plaintiff has also attached to the Complaint notes from a nurse who examined him after the incident, Nurse Kemp, who appears to also be named as a defendant. Nurse Kemp reported that Plaintiff "states and demonstrates that he was standing in the doorway of his cell . . . when a [correctional officer] close[d] the door against his [left] shoulder." *See* Complaint, Attachment 2 [Doc. 1-2] at p. 23. Her notes further state: "no visible injury." *Id.*[7]

Plaintiff's allegations appear to assert only a state law claim for assault and battery.[8] To the extent, however, that Plaintiff alleges a constitutional claim based on use of excessive force, such a claim is generally analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Watkins v. Donnelly*, 551 F. App'x 953, 955 & n. 4 (10th Cir. 2014) (addressing under the Eighth Amendment a prisoner's claim that a correctional officer used excessive force when committing an "assault and battery" against him by kicking a door).

### a. Timeliness of Plaintiff's Excessive Force Claim

In an action brought pursuant to § 1983, the forum state's limitations period for a personal injury claim governs, but accrual of the cause of action is determined by federal law. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Under Oklahoma law, a two-year limitations period applies. *See* Okla. Stat. tit. 12, § 95(A)(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). A civil rights action accrues "when the

---

[7] Plaintiff has failed to allege any plausible claim for relief against Defendant Kemp. His only allegation against Defendant Kemp is that she "was involved after the assault and battery." *See* Complaint at p. 8. The record seems clear that Defendant Kemp examined Plaintiff after the incident but Plaintiff does not allege she denied medical care to him or allege any other facts to demonstrate her conduct was wrongful in any way sufficient to support a claim for § 1983 relief due to a violation of his constitutional rights.

[8] As discussed *infra*, the Court should decline to exercise supplemental jurisdiction over any state law claims.

plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation omitted).

Plaintiff's excessive force claim arose at the time of the incident, on July 6, 2011. Plaintiff's Complaint was mailed on July 8, 2013 and filed on July 9, 2013. Plaintiff's claim is, therefore, untimely absent application of the prison mailbox rule or equitable tolling.

Plaintiff signed the Complaint and dated it as follows: "7-5-2013 4:44 a.m." *See* Complaint at p. 9. He also wrote on the Complaint that he "invoke[s] the mailbox rule." *See id.* at p. 8. As the Tenth Circuit has explained, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). But to invoke this rule, the prisoner bears the burden of proving that such a timely filing was made. *Id.* A prisoner can establish timely submission of legal filings to a prison official under the mailbox rule by "either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Id.* at 1166.

Plaintiff does not allege either that he used the prison's legal mail system or timely used the prison's regular mail system. With respect to the latter, Plaintiff does not provide a declaration setting forth the date on which he provided the documents to prison authorities or attesting that postage was prepaid. Under these circumstances, Plaintiff may not invoke the prison mailbox rule. Therefore, unless in any objection to this Report and Recommendation,

Plaintiff supports his invocation of the mailbox rule with the requisite factual allegations or a notarized statement or declaration, the Complaint should be deemed filed on the date it was received by the Clerk of the Court, July 9, 2013, making Plaintiff's excessive force claim untimely.

Whether Plaintiff is entitled to tolling of the limitations period is governed by state law. *Eastom v. City of Tulsa*, 783 F.3d 1181, 1185 n. 4 (10th Cir. 2015) ("To calculate the statute of limitations applicable to a § 1983 claim, including any tolling rules, we generally look to state law.") (citation omitted). With respect to tolling, the Court notes that Plaintiff includes a number of allegations related to interference with his ability to pursue a grievance through the prison's grievance system although these allegations are conclusory in nature.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies available through the prison grievance system prior to bringing a § 1983 action. *See id.*, ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Court is not aware of any decision addressing whether tolling would be available under Oklahoma law based on interference with a prisoner's ability to exhaust administrative remedies as required by § 1997e(a). *Compare Braxton v. Zavaras*, 614 F.3d 1156, 1160-63 (10th Cir. 2010) (noting that tolling of the limitations period in a § 1983 action is governed by state law and determining whether Colorado law would allow tolling for time spent exhausting administrative remedies as required by § 1997e(a)); *see also McGee v. Kirby*, 118 P.2d 199, 200 (Okla. 1941) ("It is a well-settled rule of law that whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him

in determining whether the statute of limitations has barred his right.") (citation omitted); *Heuston v. Ballard*, 578 F. App'x 791, 792-93 (10th Cir. 2014) (recognizing in prisoner's § 1983 action that "Oklahoma permits equitable tolling of a statute of limitations in limited circumstances" and further finding that prisoner had not "demonstrated extraordinary circumstances – as a result of alleged obstruction and delays in obtaining relevant information or otherwise – sufficient to justify equitable tolling.").

The Court notes that in a May 2012 grievance, Plaintiff makes reference to Grievance Nos. 11-415 and 11-473 as grievances related to the alleged excessive force incident on July 6, 2011. *See* Complaint, Attachment 1 at p. 11. The referenced grievances are not attached to the Complaint. However, Plaintiff attaches one document responded to by prison officials on December 17, 2012 which states that Grievance No. 11-473 does not exist. *See* Complaint, Attachment 2 at p. 1. And Plaintiff attaches another document showing that Grievance No. 11-415 was being returned unanswered due to Plaintiff's failure to follow the proper procedures. *See* Complaint, Attachment 1 at p. 36. That document is dated September 8, 2011. At that time, Plaintiff had nearly a year and a half remaining before the statute of limitations expired. Therefore, grounds for equitable tolling do not appear to exist. *Compare Rosales v. Ortiz*, 325 F. App'x 695, 699-700 (10th Cir. 2009) (addressing § 1983 limitations period and declining to carve out exception under Colorado law for tolling of statute of limitations during prisoner's exhaustion of administrative remedies required by federal law where the limitations period had not run at the time the prisoner's claims were exhausted: "[t]here is no equitable or legal reason to search for a way to make something which was already available even more so"); *see also Braxton*, 614 F.3d at 1162 (finding equitable tolling under Colorado law not appropriate where

plaintiffs had over a year remaining on the limitations period after receiving responses to final administrative appeals but waited approximately two years to file their § 1983 action).

Unless in any objection to this Report and Recommendation, Plaintiff describes with specificity why equitable tolling should apply, Plaintiff's excessive force claim should be dismissed as untimely. *See Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010) (noting that where complaint was untimely by only two days, prisoner should have been granted opportunity to describe with specificity why equitable tolling should apply). Alternatively, as discussed below, the Court recommends the excessive force claim be dismissed because Plaintiff has failed to allege facts sufficient to state a plausible claim for relief.

### b. Failure to Allege Sufficient Facts to Demonstrate Eighth Amendment Violation

A prison guard's use of force is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The "core judicial inquiry" governing an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citation omitted). In addition, the extent of injury suffered by the inmate is a factor to consider, but "[t]he absence of serious injury . . . does not end [] the Eighth Amendment inquiry." *Hudson*, 503 U.S. at 8. *See also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts."). "An inmate who is gratuitously beaten by guards does not lose the ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38.

Certainly, however, not every push or shove is actionable. *Hudson*, 503 U.S. at 9 (not "every malevolent touch by a prison guard gives rise to a federal cause of action"); *see also Sims*

*v. Miller*, 5 F. App'x 825, 830 (10th Cir. 2001) (plaintiff's excessive force claim based on facts showing mere pushing and shoving did not give rise to a federal cause of action). The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations and internal quotations omitted).

Applying these standards, the Court finds Plaintiff's allegations fail to plausibly state an Eighth Amendment claim. With respect to Plaintiff's alleged injury, Plaintiff repeatedly frames his allegations as based on an "assault and battery." *See, e.g., Moher v. United States*, 875 F. Supp.2d 739, 758 (W.D. Mich. 2012) (noting that "the objective component of a prisoner's Eighth Amendment cruel and unusual punishment claim predicated on a prison guard's use of excessive force must involve more than a simple assault and battery under state law"); *see also Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (recognizing an "important difference" between excessive force of constitutional dimension and tort law which defines "any unconsented and offensive touching" as a battery).

Additionally, Nurse Kemp's report which Plaintiff attached to the Complaint states that there was no visible injury. And, Plaintiff includes no allegations that he sought additional medical treatment for any injuries allegedly sustained. Thus, the extent of injury suffered by Plaintiff as alleged is de minimis. *Compare Reyes v. Chinnici*, 54 F. App'x 44, 47-48 (3d Cir. 2002) (allegation that correctional officer punched prisoner on the shoulder and neck area while he was handcuffed did not give rise to Eighth Amendment excessive force claim; use of physical force was de minimis and not "a sort repugnant to the conscience of mankind"). While the de minimis nature of Plaintiff's injury is not determinative, under the circumstances presented, it is

a factor persuasive to the Court's conclusion that Plaintiff has not alleged facts sufficient to demonstrate a violation of his Eighth Amendment rights.

Significantly, Plaintiff's allegations do not contain facts supporting a plausible claim that Defendant Kober acted wantonly. Plaintiff claims, in varying degrees, that Defendant Kober pushed a steel door hard and that the door hit his left side. But Plaintiff's allegations fail to demonstrate that Defendant Kober acted with the purpose of inflicting harm upon Plaintiff. He states at one point that Defendant Kober pushed the door "for no reason." *See* Complaint at p. 3; *see also* Complaint, Attachment 1 [Doc. No. 1-1] at p. 7. And, Plaintiff otherwise provides no context for the incident. While Plaintiff alleges Defendant Kober acted "maliciously and sadistically" when she pushed the cell door, "threadbare recitals of the elements of a cause of action" do not suffice. *Ashcroft*, 556 U.S. at 678. Accordingly, Plaintiff's excessive force claim should be dismissed for failure to state a plausible violation of his Eighth Amendment right to be free from cruel and unusual punishment.

### 2. Conspiracy Claim

In Count Two of the Complaint, Plaintiff alleges: "conspiracy to deny Plaintiff of his constitutional right to protection from harm." *See* Complaint at p. 4. As supporting facts, Plaintiff references "Exhibit 5," a sworn statement he prepared and attached to the Complaint. *See* Complaint, Attachment 2 at pp. 16-26. The statement is dated July 5, 2013. He further attaches a "Claimant's Report" and the medical record regarding the treatment he received after the July 6, 2011 incident addressed with respect to the excessive force claim raised in Count I of the Complaint.

It is hard to discern the basis for Plaintiff's conspiracy claim. In his statement, Plaintiff alleges that "[t]his facility is out of control no staff wants to work, no program, commissary,

medical these three (3) functions have been cut or prices raised." *See id*. at p. 16. He makes a reference to Larry Sessum and C. Barnard and states that "defendants deprive Plaintiff and other's [sic] of Promotion" but no further context for this allegation is provided. *See id*.; *see also id*. at p. 19 (again referencing Sessum and Barnard in a conclusory fashion).

In the section of the Complaint headed "Nature of the Case," Plaintiff alleges that Defendant Sgt. Bashear conspired with Defendant Kober to cover up the incident involving the cell door. *See* Complaint at p. 2. He further alleges that Sgt. Bashear conspired to interfere with Plaintiff's ability to follow prison grievance procedures so that Plaintiff could exhaust administrative remedies with respect to the excessive force claim. *Id*. at p. 5. In addition, Plaintiff alleges that Defendant Bashear "used officer[s] under his control to harass Mr. Starr and search his on content's [sic] basis without reasons except for the incident occurring with c/o Kober." *See id*. at p. 5.

Plaintiff alleges Defendant Sgt. Haung also conspired with Defendant Kober to interfere with Plaintiff's ability to utilize the prison grievance process and used her position to impede Plaintiff's ability to exhaust his administrative remedies. *See* Complaint at pp. 2, 5. He alleges that Defendant Whitten "used his position to hide and conspire against Plaintiff" after receiving the medical report of the cell door incident. *See id*. at p. 2. Finally, he alleges Lt. Johns "suppressed the seriousness of the injuries suffered." *See id*. He further claims that he was threatened with being placed on grievance restriction. *Id*. at p. 3.

"Allegations of conspiracy may, indeed, form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F. 3d 504, 533 (10th Cir. 1998) (citation omitted). However, "to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy,

but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (citations omitted).

The only discernible deprivation of rights alleged appears to be Plaintiff's right to file prison grievances. But no constitutional right is implicated. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("[T]here is no independent constitutional right to state administrative grievance procedures."). And, "'[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Id.* (*quoting Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)). Plaintiff does not allege that he has been denied access to the courts and the pleadings and other filings in this action belie such a claim. Certainly, Plaintiff does not allege any actual injury. *See Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014) (allegation that plaintiff was denied prisoner grievance form because he had sued the defendant "in no way prevented or hindered [the prisoner] from bringing suit in court" and, therefore, "his access-to-the-courts claim indisputably lack[ed] merit").

With respect to allegations that various Defendants conspired to cover up the incident involving the cell door, he does not allege additional facts sufficient to demonstrate the deprivation of a constitutional right. Moreover, other than stating in conclusory fashion that Defendants "conspired" Plaintiff does not allege specific facts demonstrating either an agreement or concerted action amongst the defendants. *See Tonkovich*, 159 F.3d at 533 ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (citation omitted); *see also Allen v. Cunningham*, No. 94-6280, 1995 WL 143130 at * 3 (10th Cir. March 27, 1995) (unpublished op.) ("the Court need not conjure up unpleaded facts to support the conclusory

suggestions of conspiracy"). For all these reasons, Plaintiff's conspiracy claim should be dismissed for failure to state a claim upon which relief may be granted.

### 3. Retaliation Claim

Plaintiff's retaliation claim is similarly wholly conclusory. In support of the claim, Plaintiff states "I would incorporate by reference Grievance No. 03-356; see attached affidavits." *See* Complaint, Count III at p. 7. Grievance No. 03-356 addresses a request by Plaintiff to be placed in a non-smoking pod. The grievance is dated February 7, 2003 – more than ten years prior to the filing of this action. *See* Complaint, Attachment 1 at p. 23.[9] Plaintiff fails to explain the correlation between his claim of retaliation and the grievance he references.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights.]" *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even when the action taken in retaliation would be otherwise permissible." *Id*. at 948. In order to demonstrate actionable retaliation, however, the plaintiff must at least provide circumstantial evidence of a "chronology of events" supporting an inference of retaliation. *Id*. at 949. Plaintiff's allegations of retaliation are conclusory and fail to show a chronological connection supporting an inference of retaliation. Therefore, his claim should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

Elsewhere in the Complaint, but again in conclusory fashion, Plaintiff alleges that he has been subjected to racial discrimination, verbal assaults, and has been deprived a prison job due to having filed grievances. *See* Complaint at p. 3. He alleges that retaliatory deceptive reports have been used to prevent him from "going to programs inside facility, law library, medical

---

[9] Prison officials responded to Grievance No. 03-356 and advised Plaintiff that LCF maintains a smoke-free policy. *See id.* at p. 24.

appointments." *Id*. He states he had to stop filing grievances because prison officials would get other offenders to kill Plaintiff. *Id*. As to these latter allegations, Plaintiff fails to identify any particular defendant responsible for such actions except to state that Defendant Kober used her position "to get other officer's [sic] to be angry with [him]."[10] Plaintiff also alleges that Defendant Sgt. Peterson made a "false misconduct" but provides no factual context in support of this allegation. *Id*.

In the section of his Complaint headed "Request for Relief," Plaintiff additionally alleges that since his arrest in 2001, he has been treated unfairly in "each private prison system" and that "retaliatory segregated transfers existed due to filing grievance no. 03-356[.]" *See* Complaint at p. 9. Not only does Plaintiff purport to bring untimely claims based on conduct occurring as far back as 2001, but Plaintiff does not identify any particular transfer, any dates of such transfer, or identify any individual responsible for such transfer.

To the extent Plaintiff generally claims retaliation for pursuing grievances – a claim not apparent based on the current allegations – his claim is subject to dismissal as he fails to identify with any specificity the basis for his claims, when he was retaliated against, by whom and what injury he suffered as a result thereof.[11] Plaintiff's grossly generalized allegations fail to supply sufficient factual context and, therefore, defy meaningful review. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). A court may not assume that a

---

[10] The Court noted the "scant factual support" for similar allegations when addressing Plaintiff's claim for injunctive relief. *See* Report and Recommendation [Doc. No. 56] at p. 3, footnote 2.

[11] As addressed, Plaintiff alleges that certain Defendants conspired to prevent him from exhausting administrative remedies. But the only Defendant Plaintiff alleges retaliated against him for pursuing grievances is Defendant Boelter. The Court next addresses, separately, the retaliation claim against Defendant Boelter.

plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See also Whitney*, 113 F.3d at 1173–74 (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Therefore, Count III of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### 4. Claims Against Defendant Boelter

The Court further addresses additional allegations raised in Plaintiff's Supplement [Doc. No. 14-1]. Plaintiff claims that Defendant Boelter directed other prison officials in the law library not to copy Plaintiff's documents and that he misplaced copies of Plaintiff's legal work. He also alleges that Defendant Boelter retaliated against him for attempting to use the prison's grievance process. *See id.* at pp. 2-3. This conduct is alleged to have occurred after the filing of this lawsuit.

To the extent Plaintiff alleges that Defendant Boelter's conduct denied Plaintiff his right of access to the courts, he fails to state a claim upon which relief may be granted. Essential to a claim alleging unconstitutional denial of access to the courts is an allegation of actual injury, i.e., that the defendant's actions hindered the prisoner's ability to proceed with an actual, nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). A denial of access to courts claim may arise in two circumstances: (1) where a prisoner claims prison officials failed to provide assistance in the preparation of legal papers; or (2) where the conduct of prison officials unduly hinders litigation at any stage of the proceedings. *See Vreeland v. Schwartz*, − F. App'x −, No. 14-1241, 2015 WL 3372139 at * 3 (10th Cir. May 26, 2015) (*citing Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010)).

Plaintiff's claim appears to fall more precisely under the second category. However, Plaintiff points to no instance in which he has been hindered in his ability to pursue his claims. Accordingly, any allegation of injury is speculative at best and fails to state a claim upon which relief may be granted. *Compare Vreeland*, 2015 WL 3372139 at * 3 (dismissing denial of access to courts claim based on alleged interference with prisoner's ability to pursue pending litigation where prisoner failed to allege an "actual, nonspeculative injury").

With respect to retaliatory conduct by Defendant Boelter, it is true that prison officials may not retaliate against prisoners for filing administrative grievances, a right protected by the First Amendment. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). But to establish a First Amendment retaliation claim, a prisoner must demonstrate that (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that "would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the adverse action was substantially motivated as a response to his protected conduct. *Gee*, 627 F.3d at 1189. With respect to the second factor, the Tenth Circuit has emphasized a particular litigant may be "more determined than most" and therefore, the proper inquiry is not whether the plaintiff has been dissuaded from pursuing the protected activity, but whether a person of "ordinary firmness" would be dissuaded. *See Vreeland*, 2015 WL 3372139 at * 6 ("We also note that acts of retaliation may be actionable even if they do not prevent or discourage the particular plaintiff from engaging in protected activity, so long as they would 'chill a person of ordinary firmness.'") (*quoting Gee*, 627 F.3d at 1189).

Plaintiff alleges that in July and August 2013 he submitted documents for copying. He claims those documents were "grievances on Defendant Boelter for not copying legal documents on a deadline." *See* Supplement at p. 2. He further alleges that Defendant Boelter instructed

Officer Duncan not to copy the documents but to leave them for Defendant Boelter to read. *See id*. He alleges that Defendant Boelter then misplaced the copies. He claims he had worked for nearly two weeks on the documents and that they totaled twenty-two pages in length. He alleges all of these actions were in retaliation for Plaintiff bringing legal claims against Defendant Kober, a friend of Defendant Boelter's. *See id.*

The Court has reviewed the types of factual allegations that the Tenth Circuit has deemed insufficient to demonstrate that a person of ordinary firmness would be chilled from pursuing his claims. *Compare Fogle v. Infante*, 595 F. App'x 807, 810 (10th Cir. 2014) (refusal to give prisoner a grievance form in retaliation for filing other grievances was insufficient to show a person of ordinary firmness would be chilled from pursuing claims); *Rueb v. Brown*, 504 F. App'x 720, 723 (10th Cir. 2012) (allegations that prison officials tampered with "a large civil rights complaint the prisoner filed on behalf of himself and other inmates" that delayed the filing of the lawsuit and caused the prison to incur over $100 in additional photocopying costs did not demonstrate that the prisoner "suffer[ed] an injury that would chill a person of ordinary firmness from engaging in the protected activity) with *Milligan v. Archuleta,* 659 F.3d 1294, 1296 (10th Cir. 2011) (concluding that prisoner's claim that he lost his prison job in retaliation for filing grievance was not frivolous); *Gee*, 627 F.3d at 1189 (finding prisoner's claim that he would be transferred to an out-of-state supermax prison was sufficient to chill a person of ordinary firmness from continuing the protected activity); *Maschner*, 899 F.2d at 949 (retaliation could be sufficiently inferred where inmate claimed prison officials initiated disciplinary proceedings against him in retaliation for his having filed lawsuits against prison officials); *Miskovsky v. Jones*, 437 F. App'x 707, 713 (10th Cir. 2011) ("transfer to a more dangerous prison would chill a person of ordinary firmness from continuing to pursue litigation" and therefore, prisoner

sufficiently stated claim for relief based on retaliation). The conduct as alleged by Plaintiff is closely akin to conduct deemed insufficient to satisfy the second element of a retaliation claim. Plaintiff has not shown that a person of ordinary firmness would be chilled by the conduct of Defendant Boelter. Planitiff does not allege that Defendant Boelter threatened him with a transfer, a disciplinary proceeding the loss of a prison job or similar conduct. Accordingly, Plaintiff's retaliation claim should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### 5. Remaining Claims

The Court now addresses various allegations scattered amongst different sections of the Complaint. Even though Plaintiff did not include these allegations in the "Cause of Action" section of the Complaint, the Court addresses the allegations due to his pro se status.

The Complaint includes the following statement: "I claim deliberate refusal to provide Plaintiff with necessary physical therapy, painkillers on time, and vitamins necessitated by Plaintiff's spasms on his body, and being constipated, nervous, food, and threats . . . ." *See* Complaint at p. 5. It does not appear that Plaintiff makes these allegations in support of a claim for relief, but rather in support of a request for appointment of counsel. *See id*. (requesting "motion for an appointment of counsel" due to health issues). To the extent, however, that Plaintiff purports to bring an Eighth Amendment claim for denial of medical care, the claim is deficient. *See generally Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment") (citation omitted). Plaintiff's allegations lack sufficient factual context and fail to identify any defendant responsible for the alleged denial of medical care.

In the "Request for Relief" section of the Complaint, Plaintiff states that Defendants Bashear and Chester failed to provide adequate medical care. *See* Complaint at p. 9. But Plaintiff includes no allegations to support this claim. He does not state when he was denied medical care or even the type of medical care he needed. Thus his claims are too conclusory to state a plausible claim for relief.

Plaintiff alleges that Defendants Rios, Whitten and Gibson failed "to discipline, prosecute, or otherwise deal with excessive force, refusal to investigate complaints, encouragement of excessive force by inaction and cover-up." *See* Complaint at p. 6. Plaintiff provides no specific facts to demonstrate the action taken by these Defendants or when such actions are alleged to have occurred. And if Plaintiff seeks to impose liability based on their supervisory roles, his claim necessarily fails. *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) ("Section 1983 . . . does not authorize liability under a theory of respondeat superior.") (*citing Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (internal quotations omitted)).

Plaintiff alleges that Defendants Bashear, Haung, Johns and Whitten "were grossly negligent" in supervising Defendant Kober. *See* Complaint at p. 6. Plaintiff's allegations are not only conclusory but fail to support a violation of Plaintiff's constitutional rights under § 1983. *See Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999) ("[M]ere negligence is insufficient to establish supervisory liability" and "merely characterizing the negligence as 'gross' does not change its essential character.") (citation and internal quotations omitted). Furthermore, if Plaintiff intends to bring a state law claim for negligent supervision, as discussed infra, the Court should decline to exercise supplemental jurisdiction over that claims.

Finally, to the extent Plaintiff has brought claims against any defendant not specifically discussed above, the Court recommends dismissal on grounds Plaintiff has failed to allege the requisite personal participation necessary to support a § 1983 claim. *See, e.g., Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (to state a claim for relief under § 1983, "[p]ersonal participation in the specific constitutional violation complained of is essential") (citation omitted). It is difficult to determine, in many instances, whether Plaintiff intended to assert a claim against a particular individual when making a reference to that individual. It appears Plaintiff identified as defendants, Mrs. Plume and Debbie Morton based on their various roles in denying his administrative grievances. *See* Complaint at p. 8. But it is well established that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Similarly, the Complaint includes allegations that Defendants Cantwell and Harding "handled interviews" and failed to act on requests to staff with respect to the alleged excessive force incident on July 6, 2011. *See* Complaint at p. 6. These allegations, without more, fail to state a viable claim for relief under § 1983. Plaintiff's allegations do not identify a constitutional right violated as a result of this conduct. As stated, failure to respond to a prison grievance is not actionable.

And otherwise, Plaintiff has wholly failed to bring allegations against persons purportedly named as Defendants. For example, in the "Administrative Relief" section of the Complaint, Plaintiff alleges that "Sgt. Gaddis . . . was involved after the assault and battery."[12] This allegation, wholly lacking in any specificity, fails to state a claim against Defendant Gaddis.

---

[12] He also references Nurse Kemp and Sgt. Bashear here. The claims against these Defendants have been previously addressed.

As discussed above, the Court advised Plaintiff that if the Amended Complaint were stricken, his claims would be limited to those raised in the Complaint and the Supplement. In the Motion [Doc. No. 14] accompanying the Supplement, Plaintiff identifies as Defendants the following individuals: Martin Boelter, law library supervisor; Ms. Duncan, law library supervisor; Mr. Fulner, maintenance supervisor; Health Services Administration, Geo Group, Inc.; Mr. Overby, mailroom supervisor; and Mr. Rivera, food services.[13] The Supplement itself, however, contains no claims against these persons and, therefore, they are not considered to be defendants in this action. And, even if they were, no allegations against these individuals are set forth in the Supplement.[14]

In sum, applying a liberal construction to the Complaint and addressing additional allegations made throughout sections of the Complaint beyond the "Cause of Action" section, the Complaint fails to allege facts to demonstrate a violation of Plaintiff's constitutional rights. Accordingly, Plaintiffs Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### 6. Summary of Recommendations as to Plaintiff's § 1983 Claims

It is recommended that Plaintiff's excessive force claim against Defendant Kober be dismissed as time-barred or, in the alternative, for failure to state a claim upon which § 1983

---

[13] Plaintiff also identifies Defendant Rivera in the caption of the Complaint. But the Court has reviewed the Complaint and finds no allegations directed against this Defendant.

[14] Plaintiff makes passing reference to Officer Duncan in bringing a retaliation claim against Defendant Boelter. As set forth, Plaintiff alleges Defendant Boelter told Officer Duncan not to copy Plaintiff's documents until he had read them. But Plaintiff does not allege any specific wrongful conduct by Defendant Duncan. To the extent Defendant Duncan followed Defendant's Boelter's directions, such conduct fails to demonstrate a plausible claim that Defendant Duncan violated Plaintiff's constitutional rights.

relief may be granted.[15]  It is recommended that Plaintiff's conspiracy claim against Defendants Kober, Bashear, Haung and Johns be dismissed for failure to state a claim upon which § 1983 relief may be granted.  Plaintiff's claim of retaliation brought against Defendant Boelter should be dismissed for failure to state a claim upon which § 1983 relief may be granted.  And, to the extent Plaintiff purports to bring claims against Defendants Kemp, Sessum, Barnard, Rios, Whitten, Gibson, Cantwell, Harding, Plume, Morton, Gaddis, Chester, Rivera and Duncan, his claims are wholly conclusory, fail to allege specific factual context in support thereof and/or fail to allege the requisite personal participation as required to support a claim upon which § 1983 relief may be granted.  Therefore, it is also recommended that these claims be dismissed without prejudice.

### C.    Claims Brought Pursuant to 42 U.S.C. §§ 1981, 1985, 1986 and 1997

In addition to alleging a violation of his constitutional rights under 42 U.S.C. § 1983, Plaintiff identifies other statutory provisions as supporting claims for relief, including 42 U.S.C. §§ 1981, 1985, 1986 and 1997.  *See* Complaint at p. 2.  To establish a prima facie case of discrimination under 42 U.S.C. § 1981, a plaintiff must show "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1102 (10th Cir. 2001).  As referenced above, Plaintiff's Complaint contains only the most conclusory allegations of racial discrimination and those allegations are insufficient to allege a claim pursuant to § 1981.  Accordingly, Plaintiff's

---

[15] As set forth above, this recommendation is subject to Plaintiff's ability to demonstrate grounds for application of the prison mailbox rule and/or equitable tolling in any objection to the Report and Recommendation.

claims brought pursuant to § 1981 should be dismissed for failure to state a claim upon which relief may be granted.

Those same conclusory allegations are insufficient to support a claim for relief under either 42 U.S.C. § 1985 or 42 U.S.C. § 1986. The pertinent provisions of § 1985 are intended to reach only conspiracies "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quotation omitted). The statute prohibits racial discrimination and conspiracy to deprive any person of equal protection of the laws. Pursuant to § 1986, a plaintiff can bring a civil action for damages against a party who knows that a 42 U.S.C. § 1985 violation will occur, has the power to prevent it, and fails to do so. *See* 42 U.S.C. § 1986. The conclusory allegations of racial discrimination set forth in Plaintiff's Complaint do not sufficiently support a claim pursuant to these provisions.

Finally, Plaintiff cites 42 U.S.C. § 1997. However, § 1997 does not create a private right of action. *See, e.g., McRorie v. Shimoda*, 795 F.2d 780, 782 n. 3 (9th Cir. 1986) (stating that 42 U.S.C. § 1997j "precludes a private cause of action" under 42 U.S.C. §§ 1997–1997j).[16] Therefore, any claim Plaintiff purports to bring under this statutory provision should be dismissed for failure to state a claim upon which relief may be granted.

### D.    State Law Claims

As set forth, it is recommended that Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted. Therefore, to the extent Plaintiff purports to raise certain state law claims in this action, including claims for assault, battery and negligent supervision and/or training, the Court should decline to exercise supplemental jurisdiction over

---

[16] Subsection 1997(j) provides: "The provisions of this subchapter shall in no way expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons." 42 U.S.C. § 1997j.

those claims. *See* 28 U.S.C. § 1367(c); *see also  See Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (recognizing that where there are no remaining federal question claims in the case, it is proper for the district court to decline to exercise supplemental jurisdiction over state law claims and, indeed, it is the preferred practice); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (accord). Accordingly, should the district court adopt the recommendations set forth herein that the federal claims alleged in the Complaint be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## RECOMMENDATION

It is recommended that Plaintiff's Amended Complaint [Doc. No. 61] be stricken. It is further recommended that Plaintiff's Complaint [Doc. No. 1], including the Supplement [Doc. No. 14-1] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state any claims upon which relief may be granted. It is further recommended that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). Finally, it is recommended that the Court decline to exercise supplemental jurisdiction over the state law claims, if any, alleged by Plaintiff.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 27th day of October, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 6th day of October, 2015.

BERNARD M. JONES
United States Magistrate Judge